IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN LESLIE GUYMON,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE BULLOCK, Governor of the State of Montana, TRAVIZ R. AHNER, Flathead County Attorney's Office, and DOES 1 – 20,<br><br>Defendants. | CV 18-177-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I. In Forma Pauperis Application**

Plaintiff Shawn Guymon, appearing pro se, filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Guymon's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Guymon's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Guymon's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Background

In 2006, while employed driving a delivery truck for High Country Linen, Guymon allegedly sustained severe damages from carbon monoxide poisoning in the truck. Guymon alleges the truck had an exhaust leak which his employer knew

about, but the employer refused to repair the exhaust problem. He asserts the leak and the carbon monoxide exposure was the direct cause of his injuries, and his injuries are continuing to this day and worsening.

    At some point, Guymon requested assistance from law enforcement officers in the Kalispell Police Department, the Kalispell City Attorney's office, the Flathead County Sheriff's office, and the Flathead County Attorney's office. He requested that they investigate the situation with his employer and the delivery truck he drove, and that they protect him against further harm. At one point Guymon commenced legal proceedings in the state district court seeking assistance, but to no avail. He complains that he was never given any form of protection at any level of either law enforcement agencies or the Montana judiciary.

    Guymon contends his employer's conduct in allowing the exhaust leak in the delivery truck to continue constituted criminal conduct. But he complains that all law enforcement officers he contacted ignored his claims of his employer's criminal conduct. Thus, Guymon's pleading asserts that both Defendant Steve Bullock, as the Governor of the State of Montana, and Defendant Travis Ahner, a deputy county attorney, have allowed state agencies and officers (1) to fail to defend Guymon's rights to protection against injuries from his employer's conduct,

and (2) to fail to protect Guymon's rights under the Montana and United States Constitutions. And Guymon asserts Ahner failed (1) to investigate law enforcement officers' alleged failure to protect Guymon against injury, and (2) failed to investigate Guymon's claims of the alleged harms he has suffered due to his employer's conduct.

## III.   Discussion

Because Guymon is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Guymon asserts this action is brought under 42 U.S.C. § 1983. Section 1983 permits claims under federal law against a state or local governmental entity, official, or employee, if the plaintiff can establish that the defendant was (1) acting under color of state law, and (2) deprived the plaintiff of a federal right secured by

the Constitution or laws of the United States. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Although Guymon's allegations suggest Bullock and Ahner are individuals who may have acted, or failed to act, under color of state law as required for a section 1983 claim, the Court finds Guymon's allegations do not invoke a federal right under the United States Constitution or federal law. Accordingly, his claims are not cognizable under section 1983.

In his pleading, Guymon cites to, and quotes, numerous provisions of Montana statutory and common law suggesting Defendants may have violated the referenced provisions of Montana law. But 42 U.S.C. § 1983 provides a cause of action only for a violation of a federal statutory or constitutional right, not for a violation of a provision of state law. *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). Therefore, to the extent Guymon attempts to predicate his 1983 claims upon violations of Montana law, such allegations fail to state a claim upon which relief could be granted.

Next, Guymon's allegations assert Defendant failed to investigate his claims of criminal conduct committed by his employer. But as a matter of federal law under section 1983, Guymon has no constitutional right to have either a particular criminal investigation conducted by law enforcement officers, or to have a criminal

5

prosecution pursued against a third party by governmental authorities. A section 1983 claim predicated upon allegations asserting law enforcement failed to conduct a criminal investigation do not state a viable claim for relief. *Chang v. Shin*, 2002 WL 1299873, *7 (C.D. Cal. 2002) (citing *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994)). There exists no legal cause of action against law enforcement officers for their conduct in inadequately investigating, or failing to investigate, alleged criminal conduct. *Gomez v. Whitney*, 757 F.2d 1005, 1005-6 (9th Cir. 1985). Law enforcement officers have no affirmative duty to a plaintiff to investigate a crime in a particular way (*Gini*, at 1045 (9th Cir. 1994)), and their failure to investigate a crime committed by a third party does not rise to the level of a violation of any constitutional right. *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996). Furthermore, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, Guymon's allegations asserting Defendants failed to investigate his claims are subject to dismissal.

Finally, Guymon alleges Defendants failed to protect him against the alleged criminal conduct of his employer. But under federal law there exists no duty imposed upon state officials "to protect individuals from third parties." *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012). *See also DeShaney v. Winnebago*

*County Department of Social Services*, 489 U.S. 189, 195 (1989). The no-duty-to-protect rule exists unless the state officers themselves created the danger or harm to which the plaintiff was exposed, or if the plaintiff is in a custodial relationship with the state actors such that the state actors assumed the responsibility for the plaintiff's safety and well-being. *Henry A.*, 678 F.3d at 998. But Guymon's allegations do not suggest that Defendants created or caused the carbon monoxide poisoning that Guymon allegedly suffered at the hands of his employer, and he does not allege he was in Defendants' custody thereby imposing a duty upon Defendants to protect him. Therefore, Guymon's allegations asserting Defendants had a duty to protect him fail to state a claim for relief under section 1983.

Based on the foregoing, all of Guymon's allegations fail to state any claim for relief against either Defendant under 42 U.S.C. § 1983. Therefore, his claims are subject to dismissal.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008).

Here, the Court finds Guymon's allegations clearly fail to state any claim for relief under section 1983, and that Guymon could not plead any additional facts which would plausibly suggest Defendants are liable under section 1983. Thus, the Court finds it is unnecessary to afford Guymon an opportunity to amend his pleading.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Guymon's complaint be DISMISSED without leave to amend.

DATED this 12th day of October, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge